**Carlos J. HINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00283–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 24, 1999.

Decided Aug. 30, 1999.

---

**5.** *See* Tex.R. Civ. P. 329b.

**6.** *See Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995); *Martinez,* 875 S.W.2d at 313.

**7.** *See* Tex.R.App. P. 26.1.

Clifton L. Holmes, Eric Albritton, Holmes Law Office, Longview, for appellant.

Charles C. Bailey, Titus County Dist. Atty., Mt. Pleasant, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice CORNELIUS.

Carlos J. Hines was indicted for manslaughter in the death of his common law wife, Vanessa Hines. Hines testified that while cleaning the couple's closet, he tossed a firearm onto the bed. The firearm discharged, firing a bullet into Ms. Hines and killing her. A jury found Hines guilty of the lesser included offense of criminally negligent homicide. The jury assessed punishment at two years' confinement in a state jail and a $10,000.00 fine.

Hines filed a motion for new trial alleging jury misconduct. In his motion, Hines alleged that the jurors discussed the effect and impact of the parole laws on his sentence. Hines attached to his motion the affidavit of a juror, Kevin Campbell, in which Campbell stated that at least two members of the jury discussed the impact of parole on any punishment Hines might receive.[1] No hearing was held, and the motion was overruled by operation of law.

Hines contends the trial court abused its discretion by denying his motion for new trial. Specifically, he contends he was denied a fair trial because the jury improperly considered the operation of the parole laws in deciding his punishment. Hines also contends the trial court should have considered Campbell's affidavit as proper evidence to consider on his motion for new trial.

Hines bases his first argument on the Texas Court of Criminal Appeals decisions of *Buentello v. State*, 826 S.W.2d 610 (Tex. Crim.App.1992), and *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984). In 1992, the *Buentello* court decided whether the adoption of Texas Rule of Criminal Evidence 606(b) [the rule of evidence in effect at the time] changed the law regarding testimony that would be permitted to impeach a jury's verdict. *Buentello v. State*, 826 S.W.2d at 611. The court reaffirmed the holding in *Sneed v. State* that to show reversible error based on a discussion of parole by a jury, the defendant must prove there was: 1) a misstatement of the law; 2) asserted as a fact; 3) by one professing to know the law; 4) that was relied on by other jurors; and 5) that a juror changed his vote to a harsher punishment. *Id.* (*citing Sneed v. State*, 670 S.W.2d at 266). Hines contends that all the elements under *Buentello v. State* are met by Campbell's affidavit and, thus, the trial court abused its discretion by denying his motion for new trial.

The rule in effect when *Buentello v. State* was decided stated:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify as to any matter relevant to the validity of the verdict or indictment.*

TEX.R.CRIM. EVID. 606(b) (Vernon 1997) (emphasis added); *Buentello v. State*, 826 S.W.2d at 612. The court in *Buentello* held that under this rule a juror may testify to any matter deemed by the trial

---

1. Kevin Campbell's affidavit stated:

 I served as a juror in Cause No. 13,372, The State of Texas vs. Carlos J. Hines. During jury deliberations the statement was made by at least two members of the jury that if we sentenced him to two years on the state jail felony, that all the time he would do would be six months to a year. The jury foreman did tell the jury that this was the case. Because

 of these representations I believed the law was as was represented, and would not have voted for two years otherwise.

 This was the first time I had ever served on a jury. If I had not been told that he would be paroled within six months I would not have voted for the maximum sentence of two years.

court to be relevant to the validity of the verdict. *Buentello v. State*, 826 S.W.2d at 612–14.

■ On March 1, 1998, Rule 606(b) was amended to allow a juror to testify only about outside influences that affected the juror's decision or rebutting a claim that the juror was not qualified. The amended rule was approved by both the Texas Supreme Court and the Texas Court of Criminal Appeals. Tex.R. Evid. 606(b) now provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. *However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.*

(Emphasis added.) Under the new rule, jurors are no longer competent to testify that they decided the verdict by lot, that they decided the case based on another juror's incorrect statement of the law, or that they discussed the defendant's failure

to testify and used that failure as a basis for convicting him. *See* Tex.R.App. P. 21.3.

We conclude that the 1998 version of Tex.R. Evid. 606(b) overrules the holdings in *Buentello v. State, Sneed v. State,* and their progeny. The rule in civil cases is now the rule in criminal cases: jurors may testify only to whether any outside influence was brought to bear upon a juror. *See* 2A Steven Goode, et al., Texas Practice: Courtroom Handbook on Texas Evidence, Rule 606(b) author's comments at 364 (1999).

Hines argues that if we find that Tex.R. Evid. 606(b) prohibits the admissibility of Campbell's post-verdict affidavit, our holding would conflict with Rule 21.3 of the Texas Rules of Appellate Procedure. Specifically, Hines contends that Tex.R.App. P. 21.3 allows for the admission of post-verdict juror affidavits about the discussion of parole law during the deliberation. He also argues that Tex.R.App. P. 21.3 is a more specific rule that controls over the general Tex.R. Evid. 606(b).

■ We disagree. We note that Texas Rule of Appellate Procedure 21.3 [2] is still a viable rule. That rule and the case law still govern the question of whether a matter is relevant to the validity of a verdict or indictment. *See* 2A Goode, et al., *supra.* Amended Rule of Evidence 606(b), however, now limits the method by which a defendant may prove jury misconduct.

---

2. Tex.R.App. P. 21.3 provides:

The defendant must be granted a new trial for any of the following reasons:

(a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel;

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;

(c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;

(d) when a juror has been bribed to convict or has been guilty of any other corrupt conduct;

(e) when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial;

(f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result;

(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or

(h) when the verdict is contrary to the law and the evidence.

■ We conclude that Rules 606(b) and 21.3 are not in conflict, as Hines argues. Rather, they work together to define jury misconduct and provide how it may be proved. TEX.R. EVID. 606(b) now defines what evidence is admissible in establishing jury misconduct, while TEX.R.APP. P. 21.3 limits that permissible evidence to that which is relevant to the indictment or verdict.

■ We do not agree with Hines' contention that TEX.R.APP. P. 21.3 is more specific and thus is controlling over TEX.R. EVID. 606(b). Texas Rule of Evidence 606(b) now defines jury misconduct as only outside influence that was improperly brought to bear upon any juror, whereas TEX.R.APP. P. 21.3(g) only states that a new trial should be granted where jury misconduct deprived the defendant of a fair and impartial trial. We conclude that TEX.R. EVID. 606(b) is more specific and thus is the controlling statute.

■ Hines also argues that TEX.R. EVID. 606(b) is unconstitutional. He bases his argument on the decision in *Jackson v. Golden Eagle Archery, Inc.,* 974 S.W.2d 952 (Tex.App.-Beaumont 1998, pet. granted). The Beaumont Court of Appeals held in *Jackson* that TEX.R. CIV. P. 327(b) was unconstitutional. Rule 327(b) also prohibits a juror from testifying to any matter or statement occurring during the jury's deliberation, except a juror may testify whether any outside influence was improperly brought to bear on any juror. The court held that if jury misconduct, in whatever form it occurs, is presented, the integrity of the jury system is compromised and a fair trial is denied. *Jackson v. Golden Eagle Archery, Inc.,* 974 S.W.2d at 958. Because TEX.R. EVID. 606(b) is nearly identical to TEX.R. CIV. P. 327(b), Hines argues we should adopt the reasoning in *Jackson* and find TEX.R. EVID. 606(b) unconstitutional.

■ We presume that the rule approved by the Supreme Court and the Court of Criminal Appeals is constitutional. Until one of those courts holds otherwise, we will enforce the rule. If we were to find TEX.R. EVID. 606(b) unconstitutional, we would, in effect, reinstate post-trial questioning of jurors under the prior law. *See Baley v. W/W Interests, Inc.,* 754 S.W.2d 313, 316 (Tex.App.-Houston [14th Dist.] 1988, writ denied). Limiting the type of evidence admissible to prove jury misconduct to outside influence may prevent the defendant from proving jury misconduct in some circumstances, but when weighed against the policy concerns favoring the finality of judgments, the privacy of the jury deliberation process, and preventing jury tampering, we find that TEX.R. EVID. 606(b) is constitutional. *See Tanner v. United States,* 483 U.S. 107, 115–16, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), *see also Commission for Lawyer Discipline v. Benton,* 980 S.W.2d 425, 432 (Tex.1998); *Soliz v. Saenz,* 779 S.W.2d 929, 934–35 (Tex.App.-Corpus Christi 1989, writ denied); Cathleen C. Herasimchuk, *Texas Rules of Evidence Handbook, Article VI: Witnesses,* 30 HOUS. L.REV. 673, 704 (1993).

The Corpus Christi Court of Appeals has addressed this question directly and concluded that the former TEX.R. CIV. EVID. 606(b) did not violate the defendant's right to a fair trial. In *Soliz v. Saenz,* 779 S.W.2d 929, the court stated:

In Texas, the right to a fair and impartial trial is guaranteed by Tex. Const. art. 1, § 15 (Vernon 1984) and Tex. Gov't Code Ann. § 62.105 (Vernon 1987). Tex. Const. art. 1, § 15 states, in relevant part, that "[t]he right of trial by jury, shall remain inviolate," and that our legislature may pass laws needed to regulate this right and to maintain "its purity and efficiency." Appellants received a trial by jury. Their complaints stem from the jury's deliberative process. In fact, Tex. Gov't Code Ann. § 62.105 prevents a person from serving as a juror if that person has a bias or prejudice in favor of or against a party. The legislature and Supreme Court have adopted Rules 327(b) and 606(b) which

state under what conditions a new trial can be received on the basis of jury misconduct. This is nothing more than an attempt to promote the "purity and efficiency" of the jury system. We hold, therefore, that rules 606(b) and 327(b) did not deny appellants their right to a fair and impartial trial by jury.

*Id.* at 935 (citations omitted). We agree with the *Soliz* court and the reasoning behind its decision, and hold that TEX.R. EVID. 606(b) is constitutional.

Finally, Hines argues that Campbell's affidavit testimony constituted evidence of an outside influence and should have been considered by the trial court. Specifically, he contends the juror's statements about parole law were outside the evidence presented at trial.

 A motion for new trial based on jury misconduct must be supported by a juror's affidavit alleging that "outside influences" affected the jury's decision. *Weaver v. Westchester Fire Ins. Co.*, 739 S.W.2d 23, 24 (Tex.1987); *Mitchell v. Southern Pac. Transp. Co.*, 955 S.W.2d 300, 322 (Tex.App.-San Antonio 1997, no pet.). While case law has not clearly identified what constitutes an outside influence, it has clearly rejected certain conduct as constituting outside influence. *Mitchell v. Southern Pac. Transp. Co.*, 955 S.W.2d at 322. Thus, it has been held that information gathered by a juror and introduced to the other jurors by that juror does not amount to outside influence, even if introduced specifically to prejudice the jurors' votes. *Soliz v. Saenz*, 779 S.W.2d at 932; *Baley v. W/W Interests, Inc.*, 754 S.W.2d at 316. Nor does coercive influence of one juror on the rest of the panel constitute "outside influence." *Perry v. Safeco Ins. Co.*, 821 S.W.2d 279, 281 (Tex.App.-Houston [1st Dist.] 1991, writ denied). Even a juror's injection of his own personal experiences, knowledge, or expertise is not considered an outside influence, because those representations emanate from inside the jury. *Soliz v. Saenz*, 779 S.W.2d at 932; *Kendall v. Whataburger, Inc.*, 759 S.W.2d

751, 755 (Tex.App.-Houston [1st Dist.] 1988, no writ).

Campbell's affidavit does not reveal any outside influence that was improperly brought to bear on any juror. The jurors' statements about the effect of parole on Hines' sentence were clearly statements made by jurors during deliberations and thus emanated from inside the jury. The trial court correctly overruled Hines' motion for new trial.

For the reasons stated, we affirm the judgment of the trial court.