IN THE
TENTH COURT OF APPEALS
 

No. 10-00-041-CR

      LATONYA CHERMERE PAYTON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 3244-99
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury convicted Latonya Payton of misdemeanor criminal mischief. The jury assessed
punishment at one year confinement and recommended that imposition of sentence be suspended. 
The court placed Payton on community supervision for one year. She argues in three points that:
1) the trial court abused its discretion by allowing an undisclosed witness to testify; 2) the trial
court erroneously overruled her objection to the undisclosed witness’s testimony; and 3) the
verdict was the product of jury misconduct.
      In her first two points, Payton contends that the trial court erred by allowing a previously
undisclosed witness to testify as to the amount of damage caused by Payton’s conduct. During the
State’s case in chief, the prosecutor attempted to introduce damage estimates without supporting
affidavits, which Payton objected to as hearsay. The State then procured a sponsoring witness,
Anna Lisa Farmer. Payton objected to Farmer’s testimony based on the State’s failure to disclose
her under a trial discovery order. The court heard argument and allowed Farmer’s testimony,
finding good cause. Payton contends that this was error because it was in violation of the
discovery order.
      The State should disclose witnesses if they will be used at any stage in the trial. See Beets v.
State, 767 S.W.2d 711, 747 (Tex. Crim. App. 1987); Young v. State, 547 S.W.2d 23 (Tex. Crim.
App. 1977). It is within the discretion of the trial court to allow an undisclosed witness to testify. 
See Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981). If the trial court allows
a witness who is not on the State's list to testify, we review that decision for abuse of discretion. 
See Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App.1993). Our review encompasses two
factors: (1) whether the State's actions constituted bad faith, and (2) whether Payton could have
reasonably anticipated that Farmer would testify. See Nobles v. State, 843 S.W.2d 503, 514-15
(Tex. Crim. App.1992). We will not disturb the trial court’s decision absent a showing that the
State’s failure to identify the witness resulted from bad faith or that Payton could not have
reasonably anticipated Farmer’s testimony.
      In determining whether the State acted in bad faith, several factors have been examined by
reviewing courts: (1) whether the defense shows that the State intended to deceive; (2) whether
the State's notice left the defense adequate time to prepare; and (3) whether the State freely
provided the defense with information. See Hardin v. State, 20 S.W.3d 84, 88 (Tex.
App.—Texarkana 2000, pet. ref’d) (citations omitted). It is clear that the State’s omission was not
the product of bad faith. The record fails to establish that the State knew of Farmer’s testimony
and willfully refused to disclose it to Payton. The State failed to secure supporting affidavits for
their damage estimates. However, Payton presented no evidence that the State acted improperly
in calling Farmer to testify. 
       Similarly, in determining whether the defense could have anticipated the State's witness,
reviewing courts also have examined three areas of inquiry: (1) the degree of surprise to the
defendant; (2) the degree of disadvantage inherent in that surprise (e.g., the defendant was aware
of what the witness would say, or the witness testified about cumulative or uncontested issues);
and (3) the degree to which the trial court was able to remedy that surprise (e.g., by granting the
defense a recess, postponement, or continuance, or by ordering the State to provide the witness's
criminal history). See id.
      The record in this case indicates that the surprise to Payton was minimal and she was not
disadvantaged by Farmer’s testimony. Counsel admitted that he was prepared for the State to offer
affidavits in support of the damage estimate but not for live testimony. The record reflects that
Farmer’s testimony was similar to that of an affidavit in that her testimony consisted of her
qualifications as an auto body damage estimator and the dollar amount of the damage. The trial
court permitted counsel to take Farmer on voir dire to establish her qualifications as an expert
witness, to which Payton did not object. Payton anticipated that damage estimate evidence would
be introduced by the State and, therefore, was not prejudiced by Farmer’s testimony.
      Therefore, Payton has failed to show that the trial court abused its discretion by allowing
Farmer to testify in lieu of an affidavit supporting the State’s evidence. Points one and two are
overruled. 
      In point three, Payton argues that the verdict was not the product of a fair and impartial jury. 
Juror Brian Oller states in his affidavit that he “voted guilty at the time to avoid a deadlock with
the understanding that Ms. Payton could appeal.” Payton claims that Oller’s affidavit is sufficient
to warrant a new trial based on juror misconduct.
      A motion for new trial based on juror misconduct must be supported by a juror’s affidavit
alleging “outside influences” affected the jury’s decision. See Weaver v. Westchester Fire Ins.
Co., 739 S.W.2d 23, 24 (Tex.1987); Hines v. State, 3 S.W.3d 618, 623 (Tex. App.—Texarkana
1999, pet. ref’d.). An outside influence is that which originates from a source other than the
jurors themselves. See Hines, 3 S.W.3d at 623. Juror Oller’s belief that Payton could appeal does
not constitute an outside influence. Therefore, point three is overruled.
      The judgment of the trial court is affirmed. 


                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 10, 2001
Do not publish
[CR25]