NO. 12-01-00089-CR



IN THE COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT


TYLER, TEXAS


 BRYANT MOORE, § APPEAL FROM THE 114TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF 



THE STATE OF TEXAS,

APPELLEE § SMITH COUNTY, TEXAS






PER CURIAM

 Bryant Moore ("Appellant") appeals his sentence of confinement for seven years following
his plea of guilty to a charge of aggravated assault. Appellant raises two issues on appeal. We
affirm.


Background

 Appellant pleaded "guilty" to aggravated assault under the trial court's timely pass for plea
plan. The trial court sentenced Appellant to imprisonment for eight years and fined Appellant
$5,000.00. Appellant elected not to accept the trial court's eight year sentence under the pass for
plea plan. Appellant pleaded guilty and chose to have his punishment assessed by the jury. On
February 6, 2001, the jury assessed Appellant's punishment at confinement for seven years. 

 On February 7, 2001, Ginger Elrod ("Elrod") a juror in Appellant's case, contacted
Appellant's counsel and claimed that the jury foreman had made racially-motivated, derogatory
statements during deliberation and that the jury had considered certain aspects of parole law in
reaching its decision. Appellant filed a motion for new trial. The sole evidentiary support for
Appellant's motion for new trial was Elrod's affidavit. The trial court struck Elrod's affidavit, and
overruled Appellant's motion for new trial.


Jury Misconduct

 Appellant contends that the trial court erred in overruling his motion for new trial because
Appellant was denied a fair trial due to outside influences on the jury. Specifically, Appellant
contends that the jury foreman's racially-motivated, derogatory remarks and another juror's
statement regarding the effect parole law would have on the amount prison time Appellant would
serve denied Appellant his right to a fair trial. A new trial must be granted when the jury has
engaged in such misconduct that the defendant did not receive a fair and impartial trial. See Tex R.
App. P. 21.3(f). We review a trial court's denial of a motion for new trial for abuse of discretion. 
See Thomas v. State, 699 S.W.2d 845, 854 (Tex. Crim. App. 1985).

 The sole evidentiary support for Appellant's motion for new trial was the affidavit testimony
of Elrod. Texas Rule of Evidence 606(b), which governs the admissibility of juror testimony,
provides:


 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement
occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental
processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's
affidavit or any statement by a juror concerning any matter about which the juror would be precluded from
testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any
outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not
qualified to serve.



Tex. R. Evid. 606(b). Although Appellant categorizes his allegations as outside influences, he also
relies on the test set forth in Sneed v. State, 670 S.W.2d 262 (Tex. Crim. App. 1984), and followed
by Buentello v. State, 826 S.W.2d 610 (Tex. Crim. App. 1992). However, the 1998 version of Texas
Rule of Evidence 606(b) overrules the holdings in Sneed, Buentello, and their progeny. See Hines
v. State, 3 S.W.3d 618, 623 (Tex. App.-Texarkana 1999, pet. ref'd). Thus, considering the
guidelines set forth in Texas Rule of Evidence 606(b), we consider whether the activities of which
Appellant complains constitute "outside influences." 

 While case law has not clearly identified what constitutes an outside influence, it has clearly
rejected certain conduct as not fitting the mold. See Hines v. State, 3 S.W.3d at 623, citing Soliz v.
Saenz, 779 S.W.2d 929, 932 (Tex. App.-Corpus Christi 1989, writ denied) (information gathered
by a juror and introduced to other jurors does not amount to outside influence, even if introduced
with the specific intent to prejudice the jurors' votes). In Kendall v. Whataburger, Inc., 759 S.W.2d
751, 755 (Tex. App.-Houston [1st Dist.] 1988, no writ), the First Court of Appeals held that a juror's
injection of personal experiences, knowledge, or expertise is not an outside influence because the
representations emanate from inside the jury. The First Court of Appeals later held in Perry v.
Safeco Ins. Co. that coercive influence by one juror upon the remainder of the panel likewise does
not constitute an outside influence. 821 S.W.2d 279, 281 (Tex. App.-Houston [1st Dist.] 1991, writ
denied). 

 The El Paso Court of Appeals also considered the issue in Durbin v. Dal-Briar Corporation,
871 S.W.2d 263 (Tex. App.-El Paso 1994, writ denied), overruled in part on other grounds, 
Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 372 n.4 (Tex. 2000). In Durbin, the
presiding juror told other jurors about a company that purportedly closed down after many of its
employees brought workers' compensation claims. Id. at 272. The jury then discussed what effect
a plaintiff's victory would have on the defendant company and worried about people losing their jobs
if the company were forced to close. Id. Concluding that the facts did not satisfy the test for
"outside influence," the court stated: 


 "Outside influence" means a force external to the jury and its deliberations. Outside influence does not include
information acquired by a juror and communicated to the others between the time the trial court instructs the
jury and the time it renders a verdict, even where the information is not in evidence, and is unknown to jurors
before trial. Outside influence . . . must come from a non-juror. Information introduced into deliberations by
a member of the jury, even if submitted with the intention of influencing and prejudicing a verdict, is not outside
influence.

 

Durbin, 871 S.W.2d at 272. Most recently, the Texas Supreme Court has adopted this approach,
noting that "[t]he rules contemplate that an 'outside influence' originates from sources other than
the jurors themselves." Golden Eagle Archery, Inc., 24 S.W.3d at 370. 

 Applying the foregoing analysis to the case at hand, we conclude that the proffered testimony
of Elrod did not concern "outside influences" on the jury. While very improper if made, the jury
foreman's alleged racially-motivated, derogatory remarks were, at most, information gathered by a
juror and introduced to other jurors, and does not constitute an outside influence, even if introduced
by a juror with the specific intent to prejudice the other jurors' votes. See Hines, 3 S.W.3d at 623;
Durbin, 871 S.W.2d at 272. Moreover, the jury's alleged consideration of parole law is analogous
to a juror's injection of personal experiences, knowledge, or expertise, and is not an outside
influence because the representations emanate from inside the jury. See Kendall, 759 S.W.2d at 755. 
Therefore, the trial court neither committed error in striking Elrod's testimony, nor did it abuse its
discretion in overruling Appellant's motion for new trial. Appellant's issues one and two are
overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)