NO. 07-01-0451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 30, 2003

_____

RICHARD WESLEY MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 13,318-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J. and BOYD, S.J.[1]

MEMORANDUM OPINION

Appellant Richard Wesley Mitchell appeals his conviction and sentence of 20 years confinement for aggravated assault. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

## BACKGROUND

Appellant Richard Wesley Mitchell was indicted for aggravated assault. He was found guilty by a Randall County jury. Pursuant to the jury's verdict on punishment, the trial court sentenced appellant to 20 years confinement and a $5,000 fine.

A motion for new trial was filed and set for hearing. Appellant's counsel was present when the motion was called for hearing, but appellant was not. Because appellant was not present, the trial court stayed the hearing until such time as appellant's counsel could secure appellant's presence or the motion became overruled by operation of law. See TEX. CRIM. PROC. CODE ANN. art. 33.03 (Vernon 1989). The trial court allowed appellant's counsel to make a bill of exceptions as to the evidence counsel would have presented if the hearing had proceeded.

The motion for new trial was not reset for hearing and was overruled by operation of law. Appellant urges by one issue that he was deprived of procedural and substantive due process of law to which he was entitled under the Fifth Amendment to the United States Constitution and under Article 1, Section 19 of the Texas Constitution by his attorney's failure to secure appellant's presence at the hearing on his motion for new trial.

## ANALYSIS

Appellant's authority in support of his argument that he was deprived of procedural and substantive due process under the federal and state constitutions consists of citations

2

to the constitutions and TEX. CRIM. PROC. CODE ANN. art. 33.03 (Vernon 1989). Appellant does not distinguish between his state and federal constitutional arguments or between his procedural and substantive due process arguments.

Appellants assuredly may make arguments for which there is no authority directly on point. However, in making such arguments, appellants must ground their contentions in analogous case law or provide relevant jurisprudential framework for evaluating the claim. See Tong v. State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000). Appellant fails to provide any relevant authority suggesting how his attorney's actions violated appellant's constitutional rights. We find the issue to be inadequately briefed. See TEX. R. APP. P. 38.1(h); Tong, 25 S.W.3d at 710. See also, Rocha v. State, 16 S.W.3d 1, 20 (Tex.Crim.App. 2000) (argument that fails to cite supporting authority presents nothing for review).

Moreover, although an appellant does not have the burden to prove harm from alleged errors, an appellant is required to suggest, in light of the record, how the alleged errors prejudiced appellant. See Ovalle v. State, 13 S.W.3d 774, 787 (Tex.Crim.App. 2000). Appellant does not do so. To the contrary, appellant suggests that matters presented via his motion for new trial "bill of exceptions" were insufficient to prove the asserted jury misconduct, outside influence on the jury or preservation of error by timely objection.

The State agrees with appellant that the "evidence" proposed by appellant's counsel in the bill of exceptions was not competent evidence of jury misconduct or of outside influence on the jury. The State further urges that any alleged error was harmless, and references numerous authorities, including Hines v. State, 3 S.W.3d 618, 623 (Tex.App.-- Texarkana 1999, pet. ref'd).

We agree. The evidence and matters referenced in appellant's bill of exceptions do not demonstrate that he was harmed by his absence from the motion for new trial hearing. See TEX. R. APP. P. 44.2.

## CONCLUSION

Briefing inadequacies waived appellant's issue. The error asserted by appellant, even if of constitutional magnitude, was harmless. See TEX. R. APP. P. 44.2. Appellant's sole issue is overruled. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.


4