NO. 07-03-0120-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 12, 2003


______________________________



IN RE JAMES WARREN BRIGHT
,




 Relator

_________________________________



 ORIGINAL PROCEEDING IN MANDAMUS


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before the court is a petition for writ of mandamus filed by James Warren
Bright. He seeks an order from this court "directing the Respondent, the Honorable Cecil
Puryear, [___ Judicial District (the trial court)] to vacate his original order denying
appointment of counsel for post conviction DNA testing and for appointment of counsel on
appeal . . . ." We deny the petition, without prejudice, for the following reasons.

 First, Bright did not accompany his petition with the requisite filing fee. Nor did he
state in the application that he was indigent. Second, he failed to verify all factual
statements in his petition as required by Texas Rule of Appellate Procedure 52.3. Nor did
he accompany the petition with an appendix of any kind, much less one containing a
certified or sworn copy of the order about which he complains, as required by Rule 52.3(j). 
 Accordingly, the petition for writ of mandamus is denied without prejudice.



 Brian Quinn

 Justice

 












1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 


">ANALYSIS

 Appellant's authority in support of his argument that he was deprived of procedural
and substantive due process under the federal and state constitutions consists of citations
to the constitutions and Tex. Crim. Proc. Code Ann. art. 33.03 (Vernon 1989). Appellant
does not distinguish between his state and federal constitutional arguments or between
his procedural and substantive due process arguments.

 Appellants assuredly may make arguments for which there is no authority directly
on point. However, in making such arguments, appellants must ground their contentions
in analogous case law or provide relevant jurisprudential framework for evaluating the 
claim. See Tong v. State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000). Appellant fails to
provide any relevant authority suggesting how his attorney's actions violated appellant's
constitutional rights. We find the issue to be inadequately briefed. See Tex. R. App. P.
38.1(h); Tong, 25 S.W.3d at 710. See also, Rocha v. State, 16 S.W.3d 1, 20
(Tex.Crim.App. 2000) (argument that fails to cite supporting authority presents nothing for
review). 

 Moreover, although an appellant does not have the burden to prove harm from
alleged errors, an appellant is required to suggest, in light of the record, how the alleged
errors prejudiced appellant. See Ovalle v. State, 13 S.W.3d 774, 787 (Tex.Crim.App.
2000). Appellant does not do so. To the contrary, appellant suggests that matters
presented via his motion for new trial "bill of exceptions" were insufficient to prove the
asserted jury misconduct, outside influence on the jury or preservation of error by timely
objection. 

 The State agrees with appellant that the "evidence" proposed by appellant's counsel
in the bill of exceptions was not competent evidence of jury misconduct or of outside
influence on the jury. The State further urges that any alleged error was harmless, and
references numerous authorities, including Hines v. State, 3 S.W.3d 618, 623 (Tex.App.--Texarkana 1999, pet. ref'd). 

 We agree. The evidence and matters referenced in appellant's bill of exceptions
do not demonstrate that he was harmed by his absence from the motion for new trial
hearing. See Tex. R. App. P. 44.2. CONCLUSION

 Briefing inadequacies waived appellant's issue. The error asserted by appellant,
even if of constitutional magnitude, was harmless. See Tex. R. App. P. 44.2. Appellant's
sole issue is overruled. The judgment of the trial court is affirmed.


 Phil Johnson

 Chief Justice



Do not publish. 


 








 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.