11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

J. P. Washington

Appellant

Vs.                   No.
11-03-00153-CR -- Appeal from Dallas County

State of Texas

Appellee

 

The jury convicted J. P. Washington of the offense
of possession of cocaine weighing 1 gram or more but less than 4 grams.  Upon appellant=s
plea of true to the enhancement allegations, the trial court assessed his
punishment at confinement for 35 years. 
We affirm.  

Appellant presents two related issues for
review.  In the first issue, appellant
contends that his statutory and constitutional right to a unanimous verdict was
violated.  In the second issue, appellant
complains of jury misconduct, asserting that the foreman falsely reported to
the trial court that the verdict was unanimous. 


The record shows that appellant raised the issue
of jury misconduct in his motion for new trial. 
In support of his motion, appellant filed the affidavit of Juror Shanta L. Green. 
Juror Green stated that she voted Anot
guilty@ and never
changed her vote to Aguilty@ throughout deliberations in appellant=s trial.  Juror Green insisted that she Awas in the bathroom when the >final vote=
was taken by the foreman@
and that neither Juror Green nor one other juror Aever@ voted Aguilty.@ 
Juror Green also stated that she was Atoo
upset to speak up@ when the
trial court asked the jurors if each one had voted for the verdict of Aguilty.@  

The reporter=s
record reflects that, after the jury had been deliberating for quite some time,
the jury came back with a verdict.  The
trial court read the verdict in open court and asked the presiding juror if
that was the verdict of all of the jurors. 
The presiding juror answered affirmatively.  The trial court then asked the members of the
jury: 

[M]ay
I see by a show of hand or hands the hand of any juror whose verdict that is
not?  Anyone disagree with what I just
read, please raise your hand.  

 

The trial court noted for the record that none of the jurors
raised their hand.  

We hold that, pursuant to TEX.R.EVID. 606(b),
appellant is precluded from challenging the validity of the verdict as
announced in open court.  As a general
rule, a juror cannot impeach her own verdict. 
State ex rel. Rosenthal v. Poe, 98
S.W.3d 194, 202 n.12 (Tex.Cr.App.2003).  A juror may not testify by way of testimony
or affidavit as to any matter or statement occurring during the jury=s deliberations.  Rule 606(b); Hicks v.
State, 15 S.W.3d 626, 630 (Tex.App. - Houston
[14th Dist.] 2000, pet=n
ref=d); Hines v. State, 3 S.W.3d
618, 621-22 (Tex.App. - Texarkana 1999, pet=n ref=d).  Rule 606(b) lists only the following two
exceptions to its general prohibition:  a
juror may testify (1) about matters of outside influence or (2) to rebut a
claim that the juror was not qualified to serve.  The content of Juror Green=s affidavit did not fall within either
of the exceptions.  Moreover, the
reporter=s record
reflects that the guilty verdict as read by the trial court in open court was
the unanimous verdict of all of the jurors. 
See TEX. CODE CRIM. PRO. ANN. arts. 37.04 & 37.05 (Vernon
1981).  No juror expressed
otherwise when the trial court polled the jury. 
Appellant=s first
and second issues are overruled.  

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

February 5, 2004  

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.