IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00280-CR

 

William McGehee,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # FSA-02-16575

 



MEMORANDUM Opinion



 

          This
appeal involves the constitutionality of Rule 606(b) of the Texas Rules of
Evidence.  William McGehee was indicted
for indecency with a child.  Tex. Pen. Code Ann. § 21.11 (Vernon
2003).  The jury found McGehee guilty,
assessed punishment at two years, and recommended community supervision.

After the verdict, McGehee filed a motion for
new trial in which he alleged, inter alia,
jury misconduct.  The motion was
supported by an affidavit by juror Darla Matthys.  On the hearing on the motion, the State
objected that, under Rule of Evidence 606(b), Matthys could not testify about
jury deliberations.  The trial court
sustained the objection, but allowed McGehee to tender the affidavit, as well
as letters by five other jurors, as offers of proof.  In her affidavit, Matthys states that, while
the jurors were deadlocked on guilt/innocence, they discussed what punishment
would be given in the event that the jury found McGehee guilty.  Matthys stated that she believed McGehee to
be innocent.  Letters from three of the
other jurors state that an agreement on punishment was reached before
guilt/innocence was decided.

On appeal, McGehee argues that Rule of Evidence
606(b) is unconstitutional and conflicts with Rule of Appellate Procedure
21.3(g), in that it denied McGehee a fair and impartial trial, and that the
trial court therefore erred in denying his motion for new trial.  Rule 606(b) precludes a juror from testifying
as to any matter or statement occurring during the jury’s deliberations, but
permits testimony as to improper outside influence upon any juror or to rebut a
claim that a juror was not qualified to serve. 
Tex. R. Evid. 606(b).  Rule 21.3(g) provides that a new trial must
be granted “when the jury has engaged in such misconduct that the defendant did
not receive a fair and impartial trial.” 
Tex. R. App. P. 21.3(g).

Although the Court of Criminal Appeals has not
squarely addressed the issue, our courts of appeal have upheld Rule 606(b)’s
constitutionality under Texas and federal constitutional provisions.  E.g.
Glover v. State, 110 S.W.3d 549, 552
(Tex. App.—Waco 2003, pet. ref’d); Richardson
v. State, 83 S.W.3d 332, 362 (Tex. App.—Corpus Christi 2002, pet. ref’d); Hicks v. State, 15 S.W.3d 626, 630 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d); Hines v. State, 3 S.W.3d 618, 622 (Tex. App.—Texarkana 1999, pet.
ref’d); Sanders v. State, 1 S.W.3d
885, 888 (Tex. App.—Austin 1999, no pet.). 
The Texas Supreme Court has upheld the rule’s constitutionality in the
civil law context.  Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362 (Tex. 2000). 
The United States Supreme Court rejected a claim under the Sixth
Amendment right to a fair jury trial that Federal Rule 606(b), the federal
counterpart to Texas Rule 606(b), is unconstitutional.  Tanner
v. United States, 483 U.S. 107, 127, 107 S.Ct. 2739, 2751, 97 L.Ed.2d 90
(1987); Fed. R. Evid.
606(b).  The Fifth Circuit has held that
Federal Rule 606(b) does not violate a civil defendant’s due process right to a
fair and impartial jury.  Maldonado v. Missouri Pacific Ry. Co.,
798 F.2d 764, 770 (5th Cir. 1986).  McGehee’s
contention that Rule 606(b) conflicts with Rule of Appellate Procedure 21.3 has
likewise been rejected.  Hines, 3 S.W.3d at 622 (Rules 606(b) and
21.3 work together to define jury misconduct and how it may be proved; Rule
606(b) is more specific in defining jury misconduct and is thus controlling
over 21.3).

Following the holdings in these cases and the
public policy reasons stated therein, we hold that application of Rule 606(b)
did not violate McGehee’s constitutional right to a fair and impartial trial.  The trial court did not err in ruling the
juror affidavit inadmissible under Rule 606(b) or in denying McGehee’s motion
for a new trial.

Conclusion

          Having
overruled the issue, we affirm the judgment.

    

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed November 10,
 2004

Do not publish

[CR25]






;                                                                           BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 3, 1993
Do not publish