IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00210-CR

 

Charles William Melvin,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2007-1831-C2

 



MEMORANDUM  Opinion



 








            Charles William Melvin
pleaded guilty to delivery of marihuana and a jury sentenced him to two years
in state jail.  The trial court denied his motion for new trial.  In two points
of error, he contends that the trial court erred by: (1) prohibiting him from
presenting certain evidence at the hearing on his motion for new trial; and (2)
admitting a chart of his prior convictions into evidence during punishment.  We
affirm.

 

 

MOTION FOR NEW TRIAL

            In point one, Melvin argues
that, at the hearing on his motion for new trial, the trial court erroneously
prohibited him from presenting evidence that the jury considered parole when
assessing his sentence.

            In his motion for new trial,
Melvin argued that the jury considered evidence outside the record.  In an
affidavit attached to the motion, Nora Farah, defense counsel’s assistant,
stated that she spoke with one of the jurors after the jurors were released. 
The juror told Farah that probation had not been considered.  He explained that
the jury sentenced Melvin to two years because he would be released after
serving part of the time.  The juror used the following example: “[I]f the jury
had chosen 18 months, Melvin would only serve about 6 months of that because of
‘good time’ credit.”  The juror explained that the jury considered “good time”
credit.  When asked by Farah, the juror stated that there was nothing else that
he thought the defense needed to know.

            At the hearing on the
motion, Melvin sought to call the juror as a witness.  The State objected to the
juror’s testimony on the basis of Rule of Evidence 606(b).  The trial court
sustained the objection.  The trial court denied the motion for new trial.

            In Sneed v. State, 670 S.W.2d 262 (Tex. Crim. App.
1984), the Court of Criminal Appeals held that a jury’s discussion
of parole constitutes reversible error when a defendant shows (1) a
misstatement of the law; (2) asserted as a fact; (3) by one professing to know
the law; (4) which is relied upon by other jurors; (5) who for that reason
changed their vote to a harsher punishment.  Sneed, 670 S.W.2d at 266.  Current Rule 606(b), amended after the decision
in Sneed, provides:

Upon an inquiry into the validity of a
verdict or indictment, a juror may not testify as to any matter or statement
occurring during the jury’s deliberations, or to the effect of anything on any
juror’s mind or emotions or mental processes, as influencing any juror’s assent
to or dissent from the verdict or indictment.  Nor may a juror’s affidavit or
any statement by a juror concerning any matter about which the juror would be
precluded from testifying be admitted in evidence for any of these purposes.
However, a juror may testify: (1) whether any outside influence was
improperly brought to bear upon any juror; or (2) to rebut a claim that the
juror was not qualified to serve.


 

Tex. R. Evid. 606(b) (emphasis added).  Accordingly, Sneed
is no longer viable in light of Rule 606(b).  See Davis v. State,
119 S.W.3d 359, 365 (Tex. App.—Waco 2003, pet. ref’d); see also Hart v. State, 15 S.W.3d 117, 123 (Tex. App.—Texarkana
2000, pet. ref’d); Hicks
v. State, 15 S.W.3d
626, 630 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The Court of Criminal Appeals has yet
to decide the issue.  See
Davis, 119 S.W.3d at 365; see also Salazar v. State, 38 S.W.3d 141, 148 n. 3 (Tex.
Crim. App. 2001), cert. denied, 534 U.S. 855, 122 S. Ct. 127, 151
L. Ed. 2d 82 (2001).

            In light of Rule 606(b), “jurors may no longer establish jury
misconduct except for outside influence being improperly brought to bear upon a
juror.”  Davis, 119 S.W.3d at 365; see Tex. R. Evid. 606(b).  Melvin does not argue that “any
outside influence was improperly brought to bear upon any juror.”  Rather, he contends
that this definition should include information conveyed by a juror to the rest
of the jury.

The Court of Criminal Appeals, however,
has held: “The plain language of . . . Rule 606(b) indicates
that an outside influence
is something outside of both the jury room and the juror.”  White v. State, 225 S.W.3d 571, 574 (Tex. Crim.
App. 2007); see Hines v. State, 3 S.W.3d 618, 623 (Tex.
App.—Texarkana 1999, pet. ref’d).  We decline to depart from the
plain language of this rule.  Because Melvin has not shown that “any outside
influence was improperly brought to bear upon any juror,” the trial court did
not abuse its discretion by excluding the juror’s testimony and denying his
motion for new trial.  See Davis, 119 S.W.3d at 365; see also Hines, 3 S.W.3d at 623.  We overrule point one.[1]

ADMISSION OF EVIDENCE AT PUNISHMENT

            In point two, Melvin
contends that the trial court abused its discretion by admitting a chart of his
prior convictions into evidence at punishment.

            At punishment, the State
introduced four exhibits regarding Melvin’s prior convictions.  The State
sought to introduce a chart of the prior convictions and an enlargement of the
chart into evidence.  Melvin objected, arguing that the chart summarized the prior
conviction exhibits, was irrelevant, and was unnecessary to the jury’s
understanding of the evidence.  The trial court admitted the chart into
evidence.

            On appeal, Melvin contends
that the chart was inadmissible under Rule of Evidence 1006, which provides in
pertinent part:

The contents of voluminous writings,
recordings, or photographs, otherwise admissible, which cannot conveniently be
examined in court may be presented in the form of a chart, summary, or
calculation. 

 

Tex. Evid. R. 1006.

In Wheatfall v. State, 882 S.W.2d
829 (Tex. Crim. App. 1994), the Court of Criminal Appeals addressed the admission of a summary of Wheatfall’s criminal history.  See Wheatfall, 882 S.W.2d at 838.  The five-page
summary consisted of dates and
notes describing the crimes, no witness testified to the summary, and the
summary was not used as demonstrative evidence.  Id.  The Court held:

While rule 1006 clearly contemplates the
admission of summaries in certain instances, the rule in no way indicates that
a prosecutor can summarize her case on legal paper and submit those documents to
the trial court as “evidence.”  The adversarial system permits such summaries
by one side during closing arguments, but they are arguments and not admitted
as evidence to the jury.  Admission of these documents under this theory was
clearly error.

 

Id. at 839.  Nevertheless, the error was harmless because
“all the evidence presented was duplicitous of other evidence already
presented.”  Id. at 840.

            In Markey v. State, 996 S.W.2d 226 (Tex. App.—Houston
[14th Dist.] 1999, no pet.), the Fourteenth Court addressed the admission of a chart depicting the symptoms of
intoxication that  Markey possessed when arrested.  See Markey, 996 S.W.2d at 231.  The Court concluded that the chart
was improperly admitted as a summary of evidence already before the jury; thus,
it lacked probative value.  Id. at 231-32.  The error was harmless
because Markey did not challenge the chart as “erroneous or misleading” and it was “prepared in the jury’s
presence as Officer Myers recited the various symptoms of intoxication observed
by him, and the jury was able to accept or reject the prosecutor’s
characterization of the testimony as it occurred.”  Id. at 232.

            In light of Wheatfall
and Markey, any error in the admission of the chart is harmless.  The
chart consisted of a one-page summary of four prior criminal offenses, the
offense with which Melvin was charged, and a pending possession of marihuana offense. 
The chart identified the type of offense, the date of the offense, the county
where the offense occurred, and, where applicable, the cause number, date of
conviction, and sentence.  Officer Javier Ybarra testified to the pending
offense.  During his testimony, Melvin admitted committing each of the six
offenses listed on the State’s chart.  The State introduced documents regarding
the four prior convictions, which allowed the jury to evaluate the accuracy of
the chart.  Thus, the record contains other evidence of the prior convictions
and Melvin does not contend that the chart was in any way erroneous or
misleading.[2]
 See Wheatfall, 882 S.W.2d at 839; see also Markey, 996 S.W.2d at 232.  Because
Melvin was not harmed by the admission of the chart, we overrule point two.

            Having overruled Melvin’s
two points of error, we affirm the judgment.     

            

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed April 21, 2010

Do not publish

[CR25]

 

*           (Chief
Justice Gray concurs with the judgment to the extent that it affirms the trial
court’s judgment.  He does not join the Court’s opinion.  A separate opinion
will not issue.)









[1]               Even if Sneed
remains viable, Melvin’s claim must still fail because he has not shown that
there was a misstatement of the law asserted as a fact by one professing to know
the law.  See
Davis v. State,
119 S.W.3d 359, 365 (Tex. App.—Waco 2003, pet. ref’d).

 





[2]               After the chart was
admitted, the State noticed an error in the chart and offered a new exhibit
correcting the error, withdrawing the incorrect exhibit.  The corrected exhibit
was admitted into evidence.  Melvin did not object at trial and does not
complain about the correction on appeal.