## Ex Parte Dominique Jerome GREEN, Applicant.

### No. 45,219–02.

Court of Criminal Appeals of Texas.

Oct. 21, 2004.

Appeal from the 262nd District Court, Harris County; Mike Anderson, Judge.

Michael B. Charlton, Houston, for Appellant.

Jack Roady, Asst. District Attorney, Houston, Matthew Paul, State's Atty., Austin, for State.

Motion for Extraordinary Relief dismissed.

PRICE, J., filed a statement dissenting to the dismissal of the Motion for Extraordinary Relief.

PRICE, J., dissenting.

### STATEMENT

A Harris County jury convicted the applicant on the basis of evidence processed at the Houston Police Department crime lab. The reliability of the crime lab and the evidence processed there has been called into serious question. Houston Po-

lice Chief Harold Hurtt has said, "I think it would be very prudent for us as a system, a criminal justice system, to delay further executions until we've had an opportunity to re-examine evidence that played a particular role in the conviction of an individual that was sentenced to death." The Houston Police Chief does not have confidence in the reliability of the evidence used in cases such as the applicant's.

In his application for original habeas corpus relief, the applicant notes that serious concerns have been raised about the firearms identification unit of the HPD crime lab. The applicant's conviction was based on firearms identification evidence. Until these concerns have been addressed, I would not execute any defendant whose conviction was had on the basis of evidence processed at the HPD crime lab.

Because a death sentence cannot be reversed once carried out, I would grant a stay of execution in this case until the evidence used to convict the applicant can be independently verified. I suggest that there be a *moratorium* on *all* executions in cases where convictions were had based on evidence from the HPD crime lab until the reliability of the evidence has been verified.

Because a majority of the Court votes otherwise, I respectfully dissent.