**Ex Parte Dominique Jerome GREEN, Applicant.**

**No. WR–45219–03.**

Court of Criminal Appeals of Texas.

Oct. 26, 2004.

Appeal from the 262nd District Court, Harris County; Mike Anderson, Judge.

Michael B. Charlton, Houston, for Appellant.

Jack Roady, Asst. District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

PRICE, J., filed a statement dissenting to the dismissal of the writ application.

### STATEMENT

I continue to believe that the Court should stay the execution in this case because of the problems with the Houston Police Department Crime Lab.[1] I write again because I disagree with the Court's conclusion that the applicant has not met the requirements of Code of Criminal Procedure Article 11.071, Section 5.

Section 5 permits the Court to consider the merits of a subsequent application for writ of habeas corpus if the factual basis for the claim was unavailable when the applicant filed his initial application.[2] Section 5(e) says that the "a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date."

The applicant's initial application was denied May 31, 2000. The problems with the Houston Police Department Crime

---

**1.** *See Ex parte Green,* 159 S.W.3d 924 (Tex. Crim.App. 2004) (Price, J., dissenting).

**2.** Tex.Code Crim. Proc. Art. 11.071, § 5(a)(1).

Lab did not come to light until late in 2002. The applicant has met the requirements of Section 5. Once a defendant has met the requirements of Section 5, we should remand to the convicting court for findings of fact and conclusions of law.[3]

I would grant the stay of execution and remand the case for findings. Because a majority of the Court votes otherwise, I respectfully dissent.

JOHNSON, J., filed a statement dissenting to the dismissal of the writ application, in which PRICE, J., joined.

### STATEMENT

During deliberations at applicant's trial, at least one juror considered the effects of parole on the sentence. Jury instructions always include an instruction that this is not to be done. This juror submitted an affidavit that states that she believed at the time that applicant could or would be paroled in as few as five years if the jury did not assess a sentence of death. She also speculated during deliberations that this was true.

The truth is that, at the time of applicant's trial, the minimum time for parole eligibility for capital murder was thirty-five years and has since been increased to forty years. At the time of his trial, juries were not advised of minimum eligibility times. That has also changed, and juries are now advised of the forty-year minimum. That does not avail for this applicant. We cannot know if that speculation affected the decision of the jury, but we do know that specific instructions were ignored.

The state argues that under Rule of Evidence 606(b), a juror may not impeach the verdict or the deliberations of a jury. While the impulse that produced that rule

may be good, the prohibition sometimes results in improper conduct in the jury room that impermissibly affects the verdict. Here it was improper speculation about parole. In another case, it may be a juror using personal experience, unrelated to the case at bar, to influence the vote of other jurors, such as a juror who has been burglarized talking about the sense of violation that such victims feel and urging conviction or severe punishment based not on the burglary, but on the juror's own emotional distress in response to a different burglary. We should not invade the jury room for little purpose, but due process demands that there be a way to address blatant misconduct. Rule 606(b) bars any examination of the process. A trial cannot be fair if jury deliberations are tainted.

It is said that applicant could have raised this point in his previous writ. Given Rule 606(b), even if he clearly established that it was newly discovered evidence, he could not raise it. The inability to challenge jury misconduct is a violation of applicant's right to due process and a fair trial. I respectfully dissent.

---

3. TEX.CODE CRIM. PROC. Art. 11.071, § 6(b).