**Lorenzo EASLY, III, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 05–04–01038–CR.

Court of Appeals of Texas, Dallas.

May 27, 2005.

---

Ted Sansom, Rockwall, for appellee.

Gaylen Ray Sumrow, Crim. Dist. Atty., Craig Stoddart, Asst. Dist. Atty., Rockwall, for state.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

At trial, Lorenzo Easly, III was convicted of possession of marijuana in the amount of fifty pounds or less but more than five pounds. He now complains on appeal that the trial court erred by failing to admonish him upon his plea of guilty and by not granting his motion for new trial based on juror misconduct. We affirm the trial court's judgment.

In his first issue, appellant complains that when he changed his plea to guilty after the trial court denied his motion to suppress, the trial court failed to admonish him about the punishment range for his offense as required by Texas Code of Criminal Procedure article 26.13(a). A trial court errs if it accepts a defendant's guilty plea without admonishing him on the punishment range for his offense. *See Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim.App.2002); *see also* Tex.Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004–05). The record in appellant's case shows the trial court did not admonish appellant about the punishment range for his offense and therefore erred.

Failure to admonish is statutory error. Accordingly, we must examine the record in appellant's case to determine if the error affected his "substantial rights." *See Hwang v. State*, 130 S.W.3d 496, 499 (Tex.App.-Dallas 2004, pet. ref'd); *see also* Tex.R.App. P. 44.2(b). If the error did not affect appellant's substantial rights, we must disregard it. *See Hwang*, 130

S.W.3d at 499. To warrant a reversal on direct appeal, the record must "support an inference that appellant *did not know* the consequences of his plea." *Burnett*, 88 S.W.3d at 638 (emphasis in original). A silent record may support such an inference. *Hwang*, 130 S.W.3d at 499. The critical inquiry is whether the trial court's failure to admonish appellant materially affected his decision to plead guilty to the charge. *Id.* at 499–500. Thus, we must examine the record for indications that appellant was not aware of the consequences of his plea and was misled or harmed by the trial court's failure to admonish him. *Id.* at 500. The record in appellant's case contains no such indications.

To the contrary, appellant was present during the jury selection process that occurred the same day he decided to change his plea to guilty. In jury selection, appellant's attorney and the attorney for the State discussed the punishment range for his offense with the potential jurors. Nothing in the record indicates that, despite being present for these discussions, appellant was unaware of the punishment consequences of his plea and was misled by the trial court's failure to admonish him. We therefore conclude that appellant was not harmed by the trial court's failure to admonish him on the punishment range for his offense. *See id.* We resolve appellant's first issue against him.

■■■ Appellant complains in his second issue that the trial court erred by denying his motion for new trial. He specifically argues he is entitled to a new trial because the jurors in his case considered the application of parole law in setting his punishment. We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *See Ford v. State*, 129 S.W.3d 541, 547 (Tex.App.-Dallas 2003, pet. ref'd).

After trial, appellant's attorney filed with the court an affidavit attached to a motion for new trial. In the affidavit, the attorney alleged that two jurors told her one of the other jurors had returned to deliberations, after an overnight recess, with a chart showing calculations of how much time appellant would actually have to serve in prison as a result of the parole laws. The jurors took this information into consideration "along with information a juror had been told by a friend who was a police officer concerning parole issues." The attorney alleged that the parole information influenced the jurors' decision about appellant's punishment.

■■■ The attorney's affidavit consists of indirect testimony from jurors. Texas Rule of Evidence 606(b) prohibits a juror from testifying, either in person or by affidavit, about "any matter or statement occurring during the jury's deliberations." *Ford*, 129 S.W.3d at 550; *see also* Tex.R. Evid. 606(b). The only exceptions to this rule permit a juror to testify about whether any outside influence was brought to bear upon any juror or to rebut a claim that the juror was not qualified to serve. *Ford*, 129 S.W.3d at 550. The latter exception is not raised in this case. And even if the two jurors had testified in person, their testimony would not have met the outside influence exception to rule 606(b). Thus, the evidence offered by appellant was "incompetent to support the granting of a motion for new trial." *Id.* at 551. The trial court did not abuse its discretion in denying appellant's motion for new trial. We resolve appellant's second issue against him.

We affirm the trial court's judgment.