**Natalie WHITE, Appellant**

v.

**The STATE of Texas.**

**No. PD–0118–06.**

Court of Criminal Appeals of Texas.

June 6, 2007.

---

**572**

Ray Bowman, Longview, for Appellant.

Elizabeth L. Derieux, Longview, Matthew Paul, State's Atty., Austin, for State.

### OPINION

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

Appellant plead guilty to the charge of intoxication manslaughter, and the jury sentenced her to nine years' incarceration. Her motion for new trial was overruled.

On appeal, appellant raised a number of issues, including a claim that the trial court had abused its discretion by denying appellant's new trial motion. The Sixth Court of Appeals affirmed the trial court's judgment. *White v. State*, 181 S.W.3d 514 (Tex.App.-Texarkana 2005). We granted appellant's ground for review[1] that complained that the court of appeals erred in affirming the trial court's denial of the opportunity to present evidence of harm caused by the service on the jury of two statutorily disqualified jurors. We affirm.

At the hearing on the motion for new trial, appellant and the state stipulated that there were pending theft charges against two of the jurors in this case. Both jurors, Jones and Giddings, testified at the hearing. They both indicated that, at the time of jury service, they were unaware of any pending theft-by-check charges against them. In response to the state's objection, the trial court allowed appellant's counsel to make a bill of exception based on the questions that he wished to ask the challenged jurors, but did not permit counsel to record the jurors' answers to those questions.

On direct appeal, appellant asserted that the trial court violated her right to due process of law when it denied her requests to present testimony and to make a bill of exception regarding the harm she suffered from the seating of those two "absolutely disqualified" jurors. The Sixth Court of Appeals noted that the United States Supreme Court had upheld Federal Rule 606(b) in a challenge to that rule's preclusion of juror-misconduct testimony[2] and

---

1. "The Court of Appeals erred in affirming the trial court's order denying Petitioner the opportunity to present evidence of significant harm caused by the service of two absolutely disqualified jurors on the basis of Texas Rule of Evidence 606."

2. *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987).

that the Texas Supreme Court[3] and several Texas courts of appeals,[4] including the Sixth Court of Appeals,[5] had each previously held that the general prohibition on juror testimony pursuant to Texas Rule 606(b) is constitutional. It concluded that Rule 606(b) is not unconstitutional as applied to appellant in this case. *White v. State*, 181 S.W.3d at 522–26.

TEX.R. EVID. 606(b) provides that, "[u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment." However, Rule 606(b) also provides that "a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve."

Appellant notes that, on its face, Rule 606 allows a juror to testify concerning whether any outside influence was improperly brought to bear upon any juror and to rebut a claim that the juror was not qualified to serve, and argues that "[t]he service of a disqualified juror introduces into a jury's deliberation 'outside influence' — that is, the influence of a person who is absolutely excluded by law from the jury room." Appellant also suggests that Texas law allows the state and the defendant to waive all other grounds for challenge to prospective jurors "except those that are essential to 'insure the probity of the jury.'" *DeBlanc v. State*, 799 S.W.2d 701, 707 (Tex.Crim.App.1990).

TEX.CODE CRIM. PROC. article 35.19 provides for an absolute disqualification from jury service, as "[n]o juror shall be impaneled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, though both parties may consent." TEX.CODE CRIM. PROC. article 35.16 lists several reasons for challenges for cause. The second, third and fourth of those listed reasons are:

2. That the juror has been convicted of misdemeanor theft or a felony;

3. That the juror is under indictment or other legal accusation for misdemeanor theft or a felony;

4. That the juror is insane[.]

Article 35.16(a) repeats the prohibition in Article 35.19, saying that "[n]o juror shall be impaneled when it appears that the juror is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent."

TEX.CODE CRIM. PROC. article 44.46 clearly and unambiguously provides that a criminal conviction may be reversed on appeal on the ground that a juror was absolutely disqualified from service under Article 35.19 only if:

(1) the defendant raises the disqualification before the verdict is entered; or

(2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

Appellant argues that significant harm is shown by the mere presence of the two

---

3. *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362 (Tex.2000).

4. *See, e.g., Easly v. State*, 163 S.W.3d 839 (Tex.App.-Dallas 2005, no pet.); *State v. Ordonez*, 156 S.W.3d 850 (Tex.App.-El Paso 2005, no pet.); *State v. Lewis*, 151 S.W.3d 213 (Tex. App.-Tyler 2004, pet. ref'd); *Sanders v. State*, 1 S.W.3d 885 (Tex.App.-Austin 1999, no pet.).

5. *Hines v. State*, 3 S.W.3d 618 (Tex.App.-Texarkana 1999, no pet.).

absolutely disqualified jurors participating in jury deliberations and decision-making.[6]

The state argues that Rule 606(b) limits post-verdict juror testimony to testimony relating to outside influence. It points to language specifically forbidding a juror from testifying "as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment." It also asserts that Rule 606(b)'s exception to allow a juror to testify whether any outside influence was improperly brought to bear upon any juror does not apply because the two jurors in question were not outside influences.

In *Nelson v. State*, 129 S.W.3d 108, 112 (Tex.Crim.App.2004), this Court stated that Article 44.46(2) "puts a burden on the defendant to meet a new standard of harm ... when the disqualification is raised after the entry of the verdict." Although it makes no difference who discovers the disqualification or how it is brought to the trial court's attention, "[a] duty on the defendant arises in an appeal to make a showing of significant harm." *Id.* "A defendant may have his conviction reversed on appeal, even though he did nothing before the verdict was entered, but only if he meets a high standard that Article 44.46(2) raises on appeal." *Id.* Because of this clause, "the defendant is discouraged from waiting until after the verdict to begin thinking about the problem of a disqualified juror." *Id.*

Although appellant argues that the presence of the two "absolutely disqualified"

jurors participating in the deliberations was itself such an "outside influence," we are unconvinced. Rule 606(b) states that

> a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment.... However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror....

The plain language of the Rule 606(b) indicates that an outside influence is something outside of both the jury room and the juror. A number of our courts of appeals have so ruled. *See, e.g., Kendall v. Whataburger*, 759 S.W.2d 751, 755 (Tex. App.-Houston [1st Dist.] 1988, no writ); *Hines v. State*, 3 S.W.3d 618, 623 (Tex. App.-Texarkana 1999, pet. ref'd); *Tinker v. State*, 148 S.W.3d 666, 673 (Tex.App.-Houston [14th] 2004, no pet.).

We are also unconvinced by appellant's contention that the challenged jurors' mere presence was "significant harm" and that holding otherwise, coupled with the prohibitions in Rule 606(b), would preclude any possible avenue for discovering whether these jurors caused substantial harm, would deny her due process of law, and would call into question the constitutionality of Article 44.46. The United States Supreme Court has held that, while juror testimony is barred under Rule 606(b), "a party may seek to impeach the verdict by non-juror evidence of misconduct." *Tanner v. United States*, 483 U.S. 107, 127, 107

---

6. She also argues that there was an overwhelming temptation for the two jurors to seek the favor of the prosecutor. The state asserts that, at the time of trial, those jurors were "blissfully unaware of the misdemeanor theft-by-check charges." That may have been true of Jones, but Giddings testified that, at a "jury qualification proceeding," a separate hearing at which neither appellant nor her counsel was present, Giddings told the judge presiding that she knew that she had been accused of theft and that she believed (without apparent basis) that the charge had been dismissed.

S.Ct. 2739, 97 L.Ed.2d 90 (1987). Likewise, Texas Rule 606(b) does not prevent appellant from demonstrating such "significant harm" by use of non-juror evidence. Appellant has failed to carry her burden under Article 44.46(2).

We conclude that the court of appeals did not err in affirming the trial court's refusal to permit testimony from the challenged jurors, and we overrule appellant's ground for review. Accordingly, we affirm the judgment of the court of appeals.

PRICE, J., filed a concurring opinion.

PRICE, J., filed a concurring opinion.

This case involves the collision of two provisions of law that seem irreconcilable to me. The first is Article 44.46(2) of the Texas Code of Criminal Procedure.[1] This statute requires a criminal defendant who has failed to challenge an absolutely disqualified juror until after verdict to establish "significant harm" from that juror's service on his jury before a reviewing court can reverse his conviction. The second is Rule 606(b) of the Texas Rules of Evidence.[2] This rule essentially prohibits a defendant from adducing testimony from the jurors who served on his jury with respect to "any matter or statement" occurring during the deliberations themselves, or their "mental processes" in arriving at their verdict. It also prohibits affidavits from those jurors, or even testimony of what those jurors might have told a third party about the jury's deliberative process. In view of Rule 606(b)'s strin-

gent prohibitions, how can a defendant who must establish "significant harm" from the service of an absolutely disqualified juror under Article 44.46(2) go about satisfying his burden of proof on that issue?

The appellant makes two arguments that the Court, without substantial analysis, rejects today. First, the appellant argues that she can satisfy one of the two exceptions to the prohibitions in Rule 606(b). She contends that she can show that the service of the two absolutely disqualified jurors on her jury constituted an "outside influence [that] was improperly brought to bear" upon the rest of the jurors, and the rule's first exception expressly allows jurors to testify to such an outside influence. The Court is "unconvinced" by this argument, noting that several of our courts of appeals have defined an "outside influence" to be "something outside of the jury room and the juror." But it seems to me that the argument bears closer scrutiny than the Court affords it. After all, if two of the purported jurors are absolutely disqualified, it is at least arguable that their participation in deliberations would be just as "outside" an "influence" as would, for example, input from the bailiff.[3] Perhaps it can be said that absolutely disqualified jurors do not really constitute "jurors" at all, such that their input would amount to "communications and contacts with third parties[,]" the quintessential example of an "outside influence."[4] The Court does not confront this

1. Tex.Code Crim. Proc. art. 44.46(2).

2. Tex.R. Evid. 606(b).

3. *See Parker v. Gladden*, 385 U.S. 363, 364, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966) (expressly describing bailiff's comments to jury during criminal trial as an "outside influence").

4. *See* Steven Goode, Olin Guy Wellborn III, & M. Michael Sharlot, 1 Texas Practice:Guide to the Texas Rules of Evidence § 606.4, p. 687 (3rd ed. 2002) ("What, then, falls within the outside influence exception? Since an outside influence must emanate from outside the jury and its deliberations, the exception comprises testimony concerning communications and contacts with third parties.").

argument head-on, and none of the court of appeals opinions it cites resolves it.

The appellant's second argument is that to construe Rule 606(b) to prohibit her from piercing the veil of the jury room would make it impossible for her to sustain her burden of showing significant harm under Article 44.46(2). She would have a statutory right to relief, but it would be predicated upon a showing of harm that the Rules absolutely prohibit her from making. Such a right without a remedy would violate due process, she contends.[5] The Court responds today by pointing out that the rule does not prevent a showing of significant harm by other, non-juror evidence. I fail to see how this observation remedies the potential due process violation.

We have said that the reason that persons under legal accusation for theft are absolutely disqualified from jury service "is to insure the probity of the jury[.]"[6] A defendant who raises the issue of absolute disqualification before the verdict is entered is entitled to a new trial without a showing of harm because it is assumed that the integrity of the tribunal that rendered that verdict was compromised.[7] But a defendant, like the appellant, who fails

(for whatever reason) to raise the issue until after verdict, must show something more to establish that the probity of the jury was compromised than the mere fact that a disqualified juror sat.[8] Otherwise, Article 44.46(2d)'s requirement of a showing of significant harm would be "meaningless."[9] As the court of appeals characterized it below, she must "demonstrate ... substantial harm [that] is directly attributable to the service of the objectionable jurors."[10] The appellant cannot possibly make this showing from any source other than the jurors themselves (or their affidavits, or third-party testimony as to what one of them may have said about the deliberations afterward). Therefore, for the Court to assure her that she is free under the rule to resort to non-juror evidence does not satisfactorily resolve her due process claim.

I nevertheless concur in the Court's judgment. Neither of the absolutely disqualified jurors in this case actually served on the jury while laboring under the belief that he or she was charged with theft. Jones testified that he was unaware of the charge against him. Giddings testified that, for whatever reason, she had as-

---

**5.** This is not the first time we have heard such an argument. *See Ex parte Green*, 159 S.W.3d 925, 926 (Tex.Crim.App.2004) (Dissenting Statement of Johnson, J., joined by Price, J.) ("We should not invade the jury room for little purpose, but due process demands that there be a way to address blatant jury misconduct. *Rule 606(b)* bars any examination of the process. A trial cannot be fair if the jury deliberations are tainted.").

**6.** *DeBlanc v. State*, 799 S.W.2d 701, 707 (Tex. Crim.App.1990).

**7.** *E.g., Thomas v. State*, 796 S.W.2d 196, 199 (Tex.Crim.App.1990).

**8.** *Nelson v. State*, 129 S.W.3d 108, 112 (Tex. Crim.App.2004) ("A defendant may have his

conviction reversed on appeal, even though he did nothing before the verdict was entered, but only if he meets a high standard that Article 44.46(2) raises on appeal.").

**9.** *Hernandez v. State*, 952 S.W.2d 59, 71(Tex.App.-Austin 1997), *reversed on other grounds*, 957 S.W.2d 851 (Tex.Crim.App. 1998) ("If the mere fact of conviction were 'significant harm' within the meaning of article 44.46(2), the statute would be meaningless. Appellant's interpretation of article 44.46(2) would read into the statute the very holding—service by an absolutely disqualified juror is 'automatic' reversible error—the statute was plainly designed to overturn.").

**10.** *White v. State*, 181 S.W.3d 514, 517 (Tex. App.-Texarkana 2005).

sumed that the theft charge had been dismissed. We must presume from the trial court's ruling that it credited this testimony.[11] Neither disqualified juror could therefore have been serving on the jury with a motive to try to convince their peers to boost the appellant's punishment in order to curry favor with the prosecution and thereby improve his or her *own* position. Neither had any motive other than to use his or her best judgment as to the appropriate punishment to be imposed within the statutorily prescribed range under the particular facts of the case. I cannot conceive how the appellant could *otherwise* show, even if we were to construe Rule 606(b) to permit the jurors to testify about their deliberations, that the integrity of the sentencing tribunal was *actually* compromised by the service of the two disqualified jurors.

For this reason I would affirm the judgment of the court of appeals without reaching the particular questions the Court disposes of in its opinion. Accordingly, I concur in the Court's judgment, but do not join its opinion.

---

**11.** Under current law, when ruling on a motion for new trial the trial court is forbidden to "summarize, discuss, or comment on evidence." TEX.R.APP. P. 21.8(b). We have said that in contexts in which the trial court acts as fact finder, but fails to make explicit findings of fact, we will assume that the trial court made implicit findings that support its ruling as long as those implicit findings are in fact supported by the record. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000).