

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00210-CR

**CHARLES WILLIAM MELVIN,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1831-C2**

## MEMORANDUM  OPINION

Charles William Melvin pleaded guilty to delivery of marihuana and a jury sentenced him to two years in state jail. The trial court denied his motion for new trial. In two points of error, he contends that the trial court erred by: (1) prohibiting him from presenting certain evidence at the hearing on his motion for new trial; and (2) admitting a chart of his prior convictions into evidence during punishment. We affirm.

## MOTION FOR NEW TRIAL

In point one, Melvin argues that, at the hearing on his motion for new trial, the trial court erroneously prohibited him from presenting evidence that the jury considered parole when assessing his sentence.

In his motion for new trial, Melvin argued that the jury considered evidence outside the record. In an affidavit attached to the motion, Nora Farah, defense counsel's assistant, stated that she spoke with one of the jurors after the jurors were released. The juror told Farah that probation had not been considered. He explained that the jury sentenced Melvin to two years because he would be released after serving part of the time. The juror used the following example: "[I]f the jury had chosen 18 months, Melvin would only serve about 6 months of that because of 'good time' credit." The juror explained that the jury considered "good time" credit. When asked by Farah, the juror stated that there was nothing else that he thought the defense needed to know.

At the hearing on the motion, Melvin sought to call the juror as a witness. The State objected to the juror's testimony on the basis of Rule of Evidence 606(b). The trial court sustained the objection. The trial court denied the motion for new trial.

In *Sneed v. State*, 670 S.W.2d 262 (Tex. Crim. App. 1984), the Court of Criminal Appeals held that a jury's discussion of parole constitutes reversible error when a defendant shows (1) a misstatement of the law; (2) asserted as a fact; (3) by one professing to know the law; (4) which is relied upon by other jurors; (5) who for that reason changed their vote to a harsher punishment. *Sneed*, 670 S.W.2d at 266. Current Rule 606(b), amended after the decision in *Sneed*, provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any *outside influence* was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

TEX. R. EVID. 606(b) (emphasis added). Accordingly, *Sneed* is no longer viable in light of Rule 606(b). *See Davis v. State*, 119 S.W.3d 359, 365 (Tex. App.—Waco 2003, pet. ref'd); *see also Hart v. State*, 15 S.W.3d 117, 123 (Tex. App.—Texarkana 2000, pet. ref'd); *Hicks v. State*, 15 S.W.3d 626, 630 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has yet to decide the issue. *See Davis*, 119 S.W.3d at 365; *see also Salazar v. State*, 38 S.W.3d 141, 148 n. 3 (Tex. Crim. App. 2001), *cert. denied*, 534 U.S. 855, 122 S. Ct. 127, 151 L. Ed. 2d 82 (2001).

In light of Rule 606(b), "jurors may no longer establish jury misconduct except for outside influence being improperly brought to bear upon a juror." *Davis*, 119 S.W.3d at 365; *see* TEX. R. EVID. 606(b). Melvin does not argue that "any outside influence was improperly brought to bear upon any juror." Rather, he contends that this definition should include information conveyed by a juror to the rest of the jury.

The Court of Criminal Appeals, however, has held: "The plain language of . . . Rule 606(b) indicates that an outside influence is something outside of both the jury room and the juror." *White v. State,* 225 S.W.3d 571, 574 (Tex. Crim. App. 2007); *see Hines v. State*, 3 S.W.3d 618, 623 (Tex. App.—Texarkana 1999, pet. ref'd). We decline to

depart from the plain language of this rule. Because Melvin has not shown that "any outside influence was improperly brought to bear upon any juror," the trial court did not abuse its discretion by excluding the juror's testimony and denying his motion for new trial. *See Davis*, 119 S.W.3d at 365; *see also Hines*, 3 S.W.3d at 623. We overrule point one.[1]

## ADMISSION OF EVIDENCE AT PUNISHMENT

In point two, Melvin contends that the trial court abused its discretion by admitting a chart of his prior convictions into evidence at punishment.

At punishment, the State introduced four exhibits regarding Melvin's prior convictions. The State sought to introduce a chart of the prior convictions and an enlargement of the chart into evidence. Melvin objected, arguing that the chart summarized the prior conviction exhibits, was irrelevant, and was unnecessary to the jury's understanding of the evidence. The trial court admitted the chart into evidence.

On appeal, Melvin contends that the chart was inadmissible under Rule of Evidence 1006, which provides in pertinent part:

> The contents of voluminous writings, recordings, or photographs, otherwise admissible, which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.

TEX. EVID. R. 1006.

In *Wheatfall v. State*, 882 S.W.2d 829 (Tex. Crim. App. 1994), the Court of Criminal Appeals addressed the admission of a summary of Wheatfall's criminal history. *See*

---

[1] Even if *Sneed* remains viable, Melvin's claim must still fail because he has not shown that there was a misstatement of the law asserted as a fact by one professing to know the law. *See Davis v. State*, 119 S.W.3d 359, 365 (Tex. App.—Waco 2003, pet. ref'd).

*Wheatfall*, 882 S.W.2d at 838. The five-page summary consisted of dates and notes describing the crimes, no witness testified to the summary, and the summary was not used as demonstrative evidence. *Id*. The Court held:

> While rule 1006 clearly contemplates the admission of summaries in certain instances, the rule in no way indicates that a prosecutor can summarize her case on legal paper and submit those documents to the trial court as "evidence." The adversarial system permits such summaries by one side during closing arguments, but they are arguments and not admitted as evidence to the jury. Admission of these documents under this theory was clearly error.

*Id*. at 839. Nevertheless, the error was harmless because "all the evidence presented was duplicitous of other evidence already presented." *Id*. at 840.

In *Markey v. State*, 996 S.W.2d 226 (Tex. App.—Houston [14th Dist.] 1999, no pet.), the Fourteenth Court addressed the admission of a chart depicting the symptoms of intoxication that Markey possessed when arrested. *See Markey*, 996 S.W.2d at 231. The Court concluded that the chart was improperly admitted as a summary of evidence already before the jury; thus, it lacked probative value. *Id*. at 231-32. The error was harmless because Markey did not challenge the chart as "erroneous or misleading" and it was "prepared in the jury's presence as Officer Myers recited the various symptoms of intoxication observed by him, and the jury was able to accept or reject the prosecutor's characterization of the testimony as it occurred." *Id*. at 232.

In light of *Wheatfall* and *Markey*, any error in the admission of the chart is harmless. The chart consisted of a one-page summary of four prior criminal offenses, the offense with which Melvin was charged, and a pending possession of marihuana offense. The chart identified the type of offense, the date of the offense, the county

where the offense occurred, and, where applicable, the cause number, date of conviction, and sentence. Officer Javier Ybarra testified to the pending offense. During his testimony, Melvin admitted committing each of the six offenses listed on the State's chart. The State introduced documents regarding the four prior convictions, which allowed the jury to evaluate the accuracy of the chart. Thus, the record contains other evidence of the prior convictions and Melvin does not contend that the chart was in any way erroneous or misleading.[2] *See Wheatfall*, 882 S.W.2d at 839; *see also Markey*, 996 S.W.2d at 232. Because Melvin was not harmed by the admission of the chart, we overrule point two.

Having overruled Melvin's two points of error, we affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed April 21, 2010
Do not publish
[CR25]

*     (Chief Justice Gray concurs with the judgment to the extent that it affirms the trial court's judgment. He does not join the Court's opinion. A separate opinion will not issue.)

---

[2]     After the chart was admitted, the State noticed an error in the chart and offered a new exhibit correcting the error, withdrawing the incorrect exhibit. The corrected exhibit was admitted into evidence. Melvin did not object at trial and does not complain about the correction on appeal.