Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio




★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00140-CR

Edward Martinez **CORONADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 08-04-00175-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: May 12, 2010

AFFIRMED

Edward Martinez Coronado was convicted of murder and sentenced to thirty years in prison.

Coronado appeals the judgment, asserting the trial court abused its discretion by failing to grant him

a new trial based on a juror's failure to disclose her conviction for theft and trial counsel rendered

ineffective assistance. We affirm the judgment of the trial court.

**BACKGROUND**

Ruben Romero, Sr. and Coronado lived on the same piece of property in Atascosa County. Because of prior disputes among Coronado, Romero, and Romero's family, tensions escalated to the point Coronado planned to move off the property. However, before he could move, a verbal altercation occurred between Coronado and Romero and his family. During this altercation, Coronado shot at Romero and his family members four or five times. Romero was struck and killed. Coronado does not deny he fired his weapon several times, but claimed he acted in self-defense. The jury rejected his self-defense claim, found Coronado guilty of murder, and assessed a sentence of thirty years.

Coronado timely filed a motion for new trial, asserting he was entitled to a new trial because a juror deliberately failed to disclose a prior theft conviction and counsel rendered ineffective assistance. One juror testified at the hearing regarding her prior misdemeanor conviction in federal court for embezzlement. Coronado's trial counsel testified concerning his failure to undertake certain actions during trial. At the conclusion of the hearing, the trial court denied the motion for new trial.

**DISQUALIFIED JUROR**

Coronado argues the trial court abused its discretion by denying the motion for new trial because one of the jurors was disqualified to serve. Coronado relies on Texas Code of Criminal Procedure article 44.46 and rule 21.3 of the Texas Rules of Appellate Procedure to support his contention. TEX. CODE OF CRIM. PROC. ANN. art. 44.46 (Vernon 2006); TEX. R. APP. P. 21.3. Article 44.46 provides that a criminal conviction may be reversed on the ground that a juror was

absolutely disqualified from jury service by article 35.19[1] if disqualification was not discovered or brought to the trial court's attention until after the verdict was entered and the defendant makes a showing of "significant harm" by the service of the juror. TEX. CODE CRIM. PROC. ANN. art. 44.46 (Vernon 2006). Rule 21.3 requires the trial court to grant a motion for new trial if a juror has been "bribed to convict or has been guilty of any other corrupt conduct," or "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial." TEX. R. APP. P. 21.3(d), (g).

We review the trial court's denial of a motion for new trial under an abuse of discretion standard, and reverse only if the trial court's decision was arbitrary or unreasonable. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). "[A] trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.*

The court conducted a hearing during which the juror testified she had a federal misdemeanor embezzlement conviction in 1999 for which she was placed on probation. She admitted she did not inform anyone during voir dire about her conviction because she was confused by the trial judge's questions. The juror testified she thought the voir dire questions sought only information about felony convictions, rather than information about any felony or theft conviction. Coronado's trial counsel testified he did not learn of the juror's conviction until the trial was completed.

---

[1] Article 35.19 provides a juror is absolutely disqualified if the juror is subject to the second, third, or fourth cause of challenge in article 35.16. TEX. CODE CRIM. PROC. ANN. art. 35.19 (Vernon 2006). Article 35.16 subpart (a)(2) provides a juror may be struck for cause if he has been convicted of misdemeanor theft or a felony. TEX. CODE CRIM. PROC. ANN. art. 35.16 (a)(2) (Vernon 2006).

Coronado argues the trial court abused its discretion because, based on the record, no reasonable judge could deny the motion for new trial. We disagree. Although Coronado asserts he demonstrated substantial harm as required under article 44.46, there is to evidence in the record upon which the trial judge could have made such a finding. Accordingly, we hold the trial court did not abuse its discretion in denying Coronado a new trial on this ground. *See White v. State*, 225 S.W.3d 571, 574 (Tex. Crim. App. 2007) (holding mere presence of two absolutely disqualified jurors did not demonstrate significant harm).

Coronado next asserts the trial court abused its discretion by not granting a new trial because the juror was "deceptive" during voir dire when she withheld information concerning her conviction, and such deception brings her actions within rule 21.3(d) or (g). However, the juror testified she simply misunderstood the question inquiring about prior convictions during voir dire and thought the question only inquired about felony convictions. Because the trial judge determines the credibility of the witnesses, we cannot hold the judge abused her discretion by making an implied finding that either the juror was not "deceptive," or such deception was not "corrupt conduct" or "such misconduct that the defendant did not receive a fair and impartial trial." *See* TEX. R. APP. P. 21.3(d), (g).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Coronado also argues the trial court abused its discretion because evidence adduced at the hearing on the motion for new trial demonstrated his trial counsel rendered ineffective assistance. Coronado relied on his counsel's testimony that he failed to issue subpoenas to secure the attendance of three witnesses for trial and he failed to effectively use an audio recording to cross-

examine a State's witness as proof of ineffective assistance. At the conclusion of the hearing, the trial judge "declined to find" Coronado's counsel rendered ineffective assistance.

To establish ineffective assistance of counsel, a defendant must prove by a preponderance of evidence his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To demonstrate deficient performance, the defendant must show counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We indulge a strong presumption that "counsel's conduct fell within a wide range of reasonable representation." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome this presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Furthermore, to show he was prejudiced by counsel's deficient performance, a defendant must "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)(footnotes and citations omitted). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700. The standard for reviewing trial counsel's performance does not mean the accused is entitled to errorless or perfect counsel. *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone*, 77 S.W.3d at 833.

Here, the record developed at the hearing on the motion for new trial contains insufficient information to demonstrate ineffective assistance of counsel. Coronado's trial counsel did not testify that his performance was deficient; rather, he stated he was providing testimony on matters "should they fall under the heading of ineffective assistance." Coronado does not explain why his trial counsel's failure to issue subpoenas to secure the attendance of three witnesses for trial or his failure to use an audio recording to cross-examine a State's witness constituted ineffective assistance of counsel. Additionally, there is no evidence on how the result of the trial would have been different had trial counsel subpoenaed the witnesses and used the recording to cross-examine a witness. Because the record does not affirmatively demonstrate deficient performance, and Coronado did not prove by a preponderance of the evidence the outcome of the trial would have been different, the trial court did not abuse its discretion in denying the motion for new trial.

### CONCLUSION

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH