

IN THE
TENTH COURT OF APPEALS

_____

No. 10-11-00075-CR

IRAN JAY HAWKINS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

_____

From the 249th District Court
Johnson County, Texas
Trial Court No. F44923

MEMORANDUM  OPINION

Iran Jay Hawkins was convicted of two counts of delivery of cocaine and sentenced to fifteen years' imprisonment on the first count and eighty years' imprisonment on the second count. TEX. HEALTH & SAFETY CODE ANN. §§ 481.112 (West 2010). Hawkins complains that the trial court erred by denying his oral motion to quash the jury panel and in denying his motion for new trial based on jury misconduct. Because we find no reversible error, we affirm.

*Motion to Quash*

Hawkins complains that the trial court erred by denying his oral motion to quash the jury panel because there were no African-American members on the panel and Hawkins is African-American. The State contends that without a written motion, any error has not been preserved. We agree with the State. Article 35.07 of the Code of Criminal Procedure requires that a challenge to an array must be made in writing and supported by an affidavit. TEX. CODE CRIM. PROC. ANN. art. 35.07 (West 2006). Because Hawkins's motion was not in writing and was not supported by an affidavit, Hawkins failed to preserve this complaint for appellate review. We overrule issue one.

*Juror Misconduct*

Hawkins complains in his second issue that the trial court erred by overruling his motion for new trial based on juror misconduct because the jurors considered the application of parole and good time credit in determining his sentence. In support of his motion, affidavits from two jurors were attached that indicated that they each considered how the parole law would affect Hawkins in determining what sentence to impose. The trial court did not conduct a hearing on the motion for new trial and it was overruled by operation of law. The State contends that the affidavits of the jurors should not be considered because they violate the rules of evidence. We agree with the State.

Texas law provides that a juror "may not testify as to any matter or statement occurring during the jury's deliberations" except for "(1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve." TEX. R. EVID. 606(b); *see White v. State*, 225 S.W.3d 571, 573 (Tex. Crim. App. 2007). A juror's discussion about the application of the parole law to the defendant's sentence does not constitute an outside influence. *See Loun v. State*, 273 S.W.3d 406, 418 (Tex. App.—Texarkana 2008, no pet.); *Hines v. State*, 3 S.W.3d 618, 623 (Tex. App.—Texarkana 1999, pet. ref'd); *Richardson v. State*, 83 S.W.3d 332, 361-62 (Tex. App.—Corpus Christi 2002, pet. ref'd). The affidavits did not constitute proper evidence and the trial court did not err by overruling the motion for new trial. We overrule issue two.

*Conclusion*

Finding no reversible error, we affirm the judgments of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 12, 2012
Do not publish
[CRPM]