**Affirmed and Opinion Filed November 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00817-CR

**DAVINA ROGERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 20-60044-86-F**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Myers

Appellant pleaded guilty to recklessly causing serious bodily injury to a child

and a jury assessed punishment at 20 years in prison. In one issue, she argues the

trial court abused its discretion by denying appellant's motion for new trial. We

affirm.

### DISCUSSION

In her sole issue, appellant argues the trial court abused its discretion by

denying her motion for new trial. She contends the "court refused to grant a new

punishment trial despite a juror's clear and unsolicited post-trial statement that the

panel improperly considered the application of parole law in fixing [a]ppellant's

punishment," and that the court acted without reference to controlling legal rules and guidelines. As a result, according to appellant, the trial court's decision to deny appellant's motion for new trial was an abuse of discretion. Appellant argues she should, accordingly, receive a new trial on punishment.

The record shows that appellant was indicted for recklessly causing serious bodily injury to a child. She pleaded guilty and went to the jury on punishment, which sentenced her to twenty years in the Texas Department of Criminal Justice. Appellant filed a motion for new trial alleging jury misconduct and that the verdict was contrary to the law and evidence.

Joseph Russell, appellant's trial attorney, testified at the hearing on appellant's motion for new trial that he briefly visited with the jury after the trial was over. Russell testified that a juror "basically stated to the best of my recollection that the jury was considering ten [years] but they thought that she would get out in five and so they decided on 20." Other jurors were present at this time, and none contradicted that statement.

The State had requested and received a running objection under hearsay and Texas Rule of Evidence 606 to exclude any testimony as to what the jury told Russell. The trial court did not rule on the State's objections, but said it would take the matter under advisement.

Russell testified that he did not make a motion to reopen, seek affidavits, or take other action when the juror told him what had occurred. Russell said he did not

act because, at that time, appellant was not sure she wanted to appeal. In its findings of fact and conclusions of law, the trial court ruled that Russell's testimony "regarding what a juror told him about deliberations" was inadmissible pursuant to Texas Rule of Evidence 606(b)(1).

Appellate courts review the denial of a motion for new trial under an abuse of discretion standard of review. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App 2012). Reviewing courts do not substitute their judgment for that of the trial court, but instead determine whether the trial court's decision was arbitrary or unreasonable. *Id*. A trial court abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

Appellate courts review a ruling on admission or exclusion of evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Texas Rule of Evidence 606(b) provides as follows:

> **(b) During an Inquiry into the Validity of a Verdict or Indictment.**
>
> (1) ***Prohibited Testimony or Other Evidence***. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> (2) ***Exceptions***. A juror may testify:

(A) about whether an outside influence was improperly brought to bear on any juror; or

(B) to rebut a claim that the juror was not qualified to serve.

TEX. R. EVID. 606.

"Texas Rule of Evidence 606(b) prohibits a juror from testifying about 'any matter or statement occurring during the jury's deliberations,' with two exceptions." *McQuarrie*, 380 S.W.3d at 151–52 (quoting TEX. R. EVID. 606(b)). A juror may testify about (1) "whether any outside influence was improperly brought to bear upon any juror" or (2) "to rebut a claim that the juror was not qualified to serve." *Id.* (quoting TEX. R. EVID. 606(b)). The second exception is not at issue here. Jurors are not "permitted to testify about any events or statements occurring during jury deliberations, any of the jurors' mental processes, or how an improper outside influence actually affected the jurors." *Colyer*, 428 S.W.3d at 123.

The Texas Court of Criminal Appeals has "recognized that '[t]he plain language of Rule 606(b) indicates that an outside influence is something outside of both the jury room and the juror.'" *McQuarrie*, 380 S.W.3d at 150 (quoting *White v. State*, 225 S.W.3d 571, 574 (Tex. Crim. App. 2007)); *see also Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 370 (Tex. 2000). Thus, rule 606(b) "prevents a juror from testifying that the jury discussed improper matters *during deliberation*." *McQuarrie*, 380 S.W.3d at 151 (citing *Golden Eagle*, 24 S.W.3d 372).

In this case, appellant sought to introduce a juror's statement about

–4–

deliberations through his trial attorney's testimony at the motion for new trial hearing. In her motion for new trial, appellant alleged that jury misconduct prevented her from receiving a fair and impartial trial. At the hearing on her motion, trial counsel Russell testified, over the State's objections, about the juror's statement. The juror's statement came out in response to a prompt about "one individual who was sharing his impressions of the deliberative process[.]" The juror's statement revealed the jury's reasoning as to how they reached the punishment of twenty years in prison. Thus, the statement falls under the category of prohibited testimony or other evidence excluded by rule 606(b). *E.g.*, *McQuarrie*, 380 S.W.3d at 151.

In reaching this conclusion we reject appellant's contention that the trial court's reliance on rule 606(b) was "misplaced" because "the violation of [a]ppellant's federal and state constitutional rights required deviation from a judicially adopted rule." Appellant does not bring a constitutional challenge to rule 606(b), but we note that when addressing constitutional challenges to the rule, multiple courts of appeals have concluded it is constitutional. *E.g.*, *Dunklin v. State*, 194 S.W.3d 14, 20 (Tex. App.—Tyler 2006, no pet.) (noting that U.S. Supreme Court and Texas courts of appeal have rejected constitutional challenges to rule 606(b)); *Glover v. State*, 110 S.W.3d 549, 552 (Tex. App.—Waco 2003, pet. ref'd) (concluding that rule 606(b) did not violate defendant's "constitutional rights to due process"); *Richardson v. State*, 83 S.W.3d 332, 362 (Tex. App.—Corpus Christi 2002, pet. ref'd) (determining that rule 606(b) did not violate defendant's right to

fair and impartial jury); *Hines v. State*, 3 S.W.3d 618, 622 (Tex. App.—Texarkana 1999, no pet.) (rejecting constitutional challenge to rule 606(b)); *Sanders v. State*, 1 S.W.3d 885, 888 (Tex. App.—Austin 1999, no pet.) (rejecting argument that rule 606(b) violated right to fair and impartial jury). The Texas Supreme Court has found that Texas rule of evidence 606(b) violated neither federal due process principles nor the right to a fair trial under the Texas Constitution. *Golden Eagle*, 24 S.W.3d at 375. Additionally, the United States Supreme Court has rejected a claim that Federal Rule 606(b) violated the Sixth Amendment guarantee to a fair jury trial. *Tanner v. United States*, 483 U.S. 107, 126–27 (1987).

Because it relates exclusively to events and conversations which took place in the jury room and among the jurors themselves and does not involve the exertion of any "outside influence," as interpreted by the Court of Criminal Appeals, the challenged testimony was inadmissible under rule 606(b). Therefore, appellant has not shown that "an outside influence was improperly brought to bear on any juror," TEX. R. EVID. 606(b), and the trial court did not abuse its discretion by excluding the challenged testimony or by denying appellant's motion for new trial. We overrule appellant's issue.

The trial court's judgment is affirmed.

210817f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Lana Myers//
_____
LANA MYERS
JUSTICE

–6–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DAVINA ROGERS, Appellant

No. 05-21-00817-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 20-60044-86-F.
Opinion delivered by Justice Myers. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 21st day of November, 2022.