

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00375-CR

SAMUEL EUGENE WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 073673-C, Honorable Ana Estevez, Presiding

August 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Samuel Eugene Wilson, was convicted by a jury of murder.[1]  By three issues, he contends: (1) the trial court abused its discretion in denying his motion for new trial after it improperly gave an *Allen* charge; (2) the trial court abused its discretion in denying his motion for release of the personal information of the

---

[1] TEX. PENAL CODE ANN. § 19.02(b),(c).

jurors; and (3) the trial court's denial of the release of juror information deprived him of his constitutional due process rights. We affirm.

## BACKGROUND

Appellant was charged with the murder of a drug dealer during a robbery. During the guilt/innocence phase of trial and after the close of evidence, the court read the charge to the jury. After reading the written jury charge, the trial court gave instructions on how to fill out the Verdict Form attached to the charge, and admonished the jurors with the following:

> Does everybody understand: All twelve of you have to agree to one verdict and you get to stay there until you have reached that verdict?

The jurors answered in the affirmative to the admonishment. The jury deliberated for four hours and reached a unanimous verdict of guilty. Appellant was sentenced to thirty-three years' imprisonment.

## STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024) (citing *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). We also review the trial court's denial of a request for juror information under article 35.29 of the Texas Code of Criminal Procedure for an abuse of discretion. *Romero v. State*, 396 S.W.3d 136, 150 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Under the abuse of discretion standard, we do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was

2

arbitrary or unreasonable. *Becerra*, 685 S.W.3d at 127. A trial court abuses its discretion when no reasonable view of the record could support its ruling. *Id.* The trial court is the exclusive judge of the credibility of the evidence, regardless of whether the evidence is controverted, and its ruling will be reversed only for an abuse of discretion, that is, if it is arbitrary or unsupported by any reasonable view of the evidence. *Najar v. State*, 618 S.W.3d 366, 372 (Tex. Crim. App. 2021); *accord Becerra*, 685 S.W.3d at 127.

A constitutional error, if found, is subject to harmless error review, and a reviewing court is required to reverse the "judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a); *Hughes v. State*, ___ S.W.3d ___, 2024 Tex. Crim. App. LEXIS 402, at *32 (Tex. Crim. App. 2024).

**ISSUE ONE—MOTION FOR NEW TRIAL**

Appellant's first issue is dispositive of this appeal. The following is an excerpt from the court's reading of the charge to the jury:

> I am going to be reading the Charge to you. This will go back with you when you go to deliberate, so you will have it in front of you to refer to. They are the instructions that you have to follow when you consider your verdict.
>
> Please listen carefully as I read it to you.
>
> Following that, each side will have an opportunity to present its closing arguments and then you will be able to go and deliberate.
>
> [TRIAL COURT READS THE JURY CHARGE]
>
> Okay, so the last page is the Verdict Form. That is the one that the Presiding Juror is going to sign. One must be signed.
>
> So you follow the instructions.

3

The top one says: "We, the jury find the defendant, Samuel Eugene Wilson, not guilty." If all twelve of you agree that he is not guilty, then you sign that one–the Presiding Judge [sic] signs that one.

The second one says: "We, the jury, find the defendant, Samuel Eugene Wilson, guilty of murder as alleged in the indictment." If all twelve of you agree that that is the one that needs to be signed, then that is the one that need to be signed.

And then the last one is: "We, the jury, find the defendant, Samuel Eugene Wilson, guilty of Aggravated Robbery, as lesser-included offense of that alleged indictment." And, again, if that is the one that all jurors agree needs to be signed, that is the one that needs to be signed.

Does everybody understand: All twelve of you have to agree to one verdict and you get to stay there until you have reached that verdict?

Appellant focuses on the following:

(1) the final admonishment "Does everybody understand: All twelve of you have to agree to one verdict and you get to stay there until you have reached that verdict?"; and

(2) stating "[o]ne must be signed" with regard to the Presiding Juror's responsibility.

With regard to the trial court's admonishment, Appellant argues the comment was coercive and akin to an impermissible *Allen* charge. The term "*Allen* charge" takes its name from *Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 41 L. Ed. 528 (1896), and refers to a supplemental charge sometimes given to a jury that declares itself deadlocked. *Mixon v. State*, 481 S.W.3d 318, 325–26 (Tex. App.—Amarillo 2015, pet. ref'd). Generally, an *Allen* charge is designed to remind the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve. *Id.* The use of an *Allen* charge in this context has long been sanctioned by both the United States Supreme Court and the Texas Court of Criminal Appeals. *Id.* The primary inquiry to determine the propriety

4

of an *Allen* charge is its coercive effect on juror deliberation, in its context and under all circumstances. *Id.*

The full context of the trial court's charge demonstrates the charge had no coercive effect on juror deliberation. In fact, the court followed its charge when it made the comments. The instructions in the written charge stated:

> Before you can return a verdict of "Guilty" or "Not Guilty" in this case, all twelve jurors must agree upon the verdict. After you retire to the jury room, you should select one of your members as your Presiding Juror. It is his or her duty to preside at your deliberations, vote with you, and, when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto and signing the same as Presiding Juror.

The trial court's comment on the jurors' requirement to arrive at a unanimous verdict and "staying there until you have reached that verdict" is not suggestive of anything other than the instructions themselves, which required the jurors to arrive at a unanimous verdict before determining Appellant's guilt or innocence.[2] In context, the trial court's comment is not suggestive of the consequences of not reaching a unanimous verdict, and we do not find any coercive effect from the comments of the trial court.[3]

Appellant also argues the court's statement "[o]ne must be signed" is a misdirection of the law. TEX. R. APP. P. 21.3(b). This is similarly devoid of context. The full quotation from the trial court was:

---

[2] A unanimous verdict in a felony trial is also required by law. *See* TEX. CODE. CRIM. PROC. ANN. arts. 36.29, 37.04; *French v. State*, 563 S.W.3d 228, 233 (Tex. Crim. App. 2018) ("A defendant in a criminal trial in Texas has the right to a unanimous jury verdict on each element of the charged offense."). *Cf. Moreno v. State*, 858 S.W.2d 453, 460 (Tex. Crim. App. 1993) ("We cannot sanction any instruction, however, that suggests to the jury it need not reach a verdict.").

[3] Further indicating the comment was benign is the fact Appellant's counsel did not feel compelled to object immediately after hearing the instruction, waiting instead to complain for the first time post-verdict in a motion for new trial.

5

Okay, so the last page is the Verdict Form.  That is the one that the Presiding Juror is going to sign.  One must be signed.

"One must be signed" is an unmistakable reference to the Presiding Juror's duty to sign only the one verdict the jury reaches unanimously.  It is not a demand for the jury to arrive at a verdict.  Nothing about the instruction is coercive on its face and simply follows the law, instructing jurors about their duties.

When we view the charge of the court in context, we find no coercion by the trial court to reach a verdict or a misdirection of the law.  Accordingly, we overrule Appellant's first issue.

**ISSUES TWO AND THREE—MOTION FOR JUROR INFORMATION**

His second and third issues complained the trial court abused its discretion by denying his motion for juror information under section 35.29.  TEX. CODE CRIM. PROC. ANN. art. 35.29(b).  His second issue complains the trial court abused its discretion in denying his request, while his third issue complains the denial of the request violated his due process rights.  The request for juror information, however, was predicated on his first issue—the assumption the trial court erred in giving its charge to the jury.  Appellant wished to poll the jurors to "determine whether the challenged instructions actually coerced any of them to reach a verdict."  Because we find no error in the charge, there was no good cause for Appellant to gain access to the juror's information.  The trial court did not abuse its discretion in denying his section 35.29 request.

Similarly, there is no constitutional violation from the trial court's denial of the request.  Seeking to determine whether the jurors may have been coerced necessarily

6

impermissibly invades the jury deliberation process. TEX. R. EVID. 606(b); *Becerra*, 685 S.W.3d at 144–47; *McQuarrie v. State*, 380 S.W.3d 145, 153–54 (Tex. Crim. App. 2012) (only evidence of outside influence admissible in challenging validity of jury verdict under Rule 606(b)). *See also Cisneros v. State*, No. 07-13-00299-CR, 2015 Tex. App. LEXIS 6248, at *4 (Tex. App.—Amarillo June 18, 2015, no pet.) (mem. op., not designated for publication) (evidence of improper jury deliberation not proper basis for motion for new trial). The prohibition into the deliberative process of the jury under the Rules of Evidence has been held by both the Texas Supreme Court and the Texas Court of Criminal Appeals to be constitutional. *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 375 (Tex. 2000) (holding Rule 606(b) does not violate due process under the Texas or United State Constitutions); *accord White v. State*, 225 S.W.3d 571, 573–74 (Tex. Crim. App. 2007). Because Appellant's purpose for acquiring juror information was to invade the jury's deliberation process, the trial court did not violate his due process rights by denying his request.

Accordingly, Appellant's second and third issues are also overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

7